United States District Court
Southern District of Texas
**ENTERED**
May 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL ALEJANDRO GONZALEZ-RODRIGUEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-3752 |
| MARKWAYNE MULLIN, et al., | § § | |
| Respondents. | § | |

## MEMORANUM OPINION AND ORDER

Rafael Alejandro Gonzales-Rodriguez ("Petitioner"), a citizen of Cuba, entered the United States on April 10, 2022.[1]  Petitioner has been detained by Immigration and Customs Enforcement) and remains in immigration custody.[2]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[3]

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶¶ 15—16.

[2]Id. at 6 ¶ 39.

[3]Id. at 5—6 ¶¶ 29—34.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at 2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721—22 (2003)). Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Also pending before the court is Petitioner's Emergency Motion for Temporary Restraining Order and to Preserve Jurisdiction ("Petitioner's TRO") (Docket Entry No. 2). Petitioner asks the court to issue a temporary restraining order prohibiting Respondents from transferring him outside the Southern District of Texas pending adjudication of his Habeas Petition.[4]

For the reasons explained above, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**. Accordingly, Petitioner's Emergency Motion for

_____

[4]Petitioner's TRO, Docket Entry No. 2, p. 1.

Temporary Restraining order and to Preserve Jurisdiction (Docket Entry No. 2) is **DENIED.**

**SIGNED** at Houston, Texas on this 9th day of May, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE